UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC | ) |
| Plaintiff, | ) Case No.: 2:25-cv-00594 |
| v. | ) JURY TRIAL DEMAND |
| ULTRASOUND ONLINE LLC | ) FILED UNDER SEAL |
| Defendant. | ) |

## COMPLAINT

Plaintiff Philips North America LLC ("Philips" or "Plaintiff"), by and through its undersigned counsel, hereby brings the following Complaint against Ultrasound Online LLC ("Ultrasound Online" or "Defendant"), and pleads as follows:

### NATURE OF THE ACTION

1. Philips and Ultrasound Online entered into an agreement, effective October 25, 2022, to resolve an action that Philips commenced in this District, Civil Action No. 2:21-cv-00298, against Ultrasound Online and other defendants (the "Settlement Agreement").

2. The Settlement Agreement contained various provisions, including that Ultrasound Online cease-and-desist from its unauthorized conduct and that it provide Philips with audit rights to ensure compliance with the Settlement Agreement.

3. Ultrasound Online has breached these provisions and failed to cure its breaches after being properly notified by Philips.

### PARTIES

4. Plaintiff Philips North America LLC is a Delaware LLC with a principal place of business in Andover, Massachusetts.

5.  Defendant Ultrasound Online LLC is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. Upon information and belief, Matthew Guisinger is the sole member of Ultrasound Online LLC.

6.  Upon information and belief, UO Medizintechnik GmBH ("UO GmbH") is an entity related to Ultrasound Online LLC and is solely controlled and operated by Matthew Guisinger.

7.  Upon information and belief, Ultrasound Online LLC, UO GmbH and Matthew Guisinger have a unity of interest and ownership, and are considered alter egos of one another.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and Philips is informed and believes that Philips and Ultrasound Online are residents of different states. Moreover, in Paragraph 11 of the Settlement Agreement, Philips and Ultrasound Online "agree[d] that the United States District Court for the Southern District of West Virginia shall retain jurisdiction to enforce the terms of [the Settlement Agreement]."

9.  Venue is proper in this Court. In Paragraph 15 of the Settlement Agreement, Ultrasound Online "agree[d] that the forum and venue for any legal action or proceeding arising out of, or in connection with, [the Settlement Agreement] will lie in the federal court in the Southern District of West Virginia and specifically waive[d] any and all objections to the jurisdiction and venue."

## FACTS

*Philips' Lawsuit Against Ultrasound Online and the Settlement Agreement*

10. Philips is in the business, *inter alia*, of developing, manufacturing, selling,

supporting, maintaining, and servicing Philips medical imaging systems, including the proprietary hardware and software and related trade secrets used to operate, service, and repair such systems.

11. Ultrasound Online is a wholesale seller of ultrasound systems, including Philips-manufactured ultrasound systems (the "Philips Ultrasound Systems" or "Ultrasound Systems").

12. On October 8, 2021, Philips filed an Amended Complaint in an action that it commenced in this District, Civil Action No. 2:21-cv-00298 (the "First Action"), adding Ultrasound Online as a defendant.

13. In the First Action, Philips asserted claims against Ultrasound Online for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the West Virginia Computer Crime and Abuse Act, W. Va. Code § 61-3C-1 *et seq.*; the Digital Millennium Copyright Action, 17 U.S.C. §§ 1201 and 1202; the Defendant Trade Secrets Act, 18 U.S.C. § 1836; the West Virginia Uniform Trade Secrets Act, W. Va. Code § 47-22-9 *et seq.*; and unfair competition. Philips' claims in the First Action against Ultrasound Online were based, among other things, on allegations that without Philips' consent, Ultrasound Online circumvented Philips' access controls and hacked into Philips' proprietary software to modify, tamper with and/or alter Philips Ultrasound Systems to access and enable options and add-on features that it was not licensed to use and had not paid for.

14. To resolve the First Action, Philips and Ultrasound Online executed the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A**.

15. Under Paragraph 1 of the Settlement Agreement, Ultrasound Online—[redacted] —agreed as follows (together, "the Covenant Provisions"):

27306329.1

- to "███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████";

- to "███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████";

- to "███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████"; and

- to "███████████████████████████████████████
███████████████████████████████████████."

16. Paragraph 2 of the Settlement Agreement provides Philips with audit rights for a period of ████████ from the Effective Date of the Settlement Agreement to verify Ultrasound Online's compliance with the Covenant Provisions and the other terms of the Settlement Agreement (the "Audit Provision"). The Audit Provision provides that "███████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████"

- 4 -

27306329.1

Ultrasound Online's compliance with the terms of the Settlement Agreement. It further states that

" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "

17. Paragraph 4 of the Settlement Agreement obligates Ultrasound Online "▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "

(the "Cooperation Provision").

18. Paragraph 12 of the Settlement Agreement reflects Ultrasound Online's acknowledgement that any breach of the Settlement Agreement "▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."

19. In connection with the Settlement Agreement, Mr. Guisinger provided an affidavit in which he admitted that he engaged in the unauthorized conduct alleged in the First Action – that he enabled unlicensed options on numerous Philips ultrasound by using unauthorized hacking methods.

20. On November 22, 2022, pursuant to the terms of the Settlement Agreement, Philips and Ultrasound Online filed a Rule 41(a)(1)(A)(ii) Stipulation to the dismissal with prejudice of Ultrasound Online from the First Action.

### *Ultrasound Online Breaches the Settlement Agreement*

21. Ultrasound Online has breached numerous provisions of the Settlement Agreement.

22. On information and belief, since entering into the Settlement Agreement, Ultrasound Online (and/or its related entity Ultrasound Online GmbH, which is bound by the

Settlement Agreement) has breached one or more of the Covenant Provisions by knowingly selling Philips Ultrasound Systems—with unauthorized and unlicensed options on them—into the United States. Specifically, Philips recently learned that in 2024, UO GmbH and Matthew Guisinger sold a Philips Ultrasound System with numerous unlicensed options enabled to a U.S. entity named Strata Imaging.

23. Ultrasound Online has also breached the Audit Provision. On June 21, 2024 (within the audit period), Philips sent Ultrasound Online a request that Ultrasound Online certify that it has complied and is complying with the terms of the Settlement Agreement. Ultrasound Online failed to respond to Philips' request for certification and has failed to provide the certification in violation of the Audit Provision.

24. On February 11, 2025, after learning that Ultrasound Online and/or its affiliates were continuing to sell adulterated Philips ultrasound systems, and given Ultrasound Online's failure to provide the necessary certification in accordance with the Audit Provision, Philips sent a letter to Ultrasound Online, informing Ultrasound Online of its breach of the Covenant Provisions and the Audit Provision of the Settlement Agreement. Philips' February 11, 2025 letter demanded that Ultrasound Online (1) provide full disclosure of its and its affiliates' "purchase and sale of adulterated Philips ultrasound systems as well as options files, including information about the supply chain for the systems, where and from whom [Ultrasound Online] obtained licensed option files, and identification of others in the industry who similarly deal in adulterated Philps ultrasound systems", and (2) "allow Philips to conduct a physical inspection of Philips [U]ltrasound [S]ystems that Ultrasound Online has sold into and within the U.S. pursuant to Philips' audit rights set forth in Paragraph 2 of the Settlement Agreement."

25. Ultrasound Online failed to respond to Philips' February 11, 2025 letter.

Ultrasound Online's refusal to provide the requested information constitutes a breach of the Cooperation Provision, and its refusal to allow Philips to conduct a physical inspection of Philips Ultrasound Systems that Ultrasound Online has sold "into and within the U.S." constitutes yet another breach of the Audit Provision.

*Philips Satisfied Its Obligations Under the Settlement Agreement Before Filing This Lawsuit*

26. Paragraph 23 of the Settlement Agreement provides, in pertinent part, that, ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓

27. Philips has notified Ultrasound Online of its breach of the Settlement Agreement in its February 11, 2025 letter.

28. On April 2, 2025, counsel for Philips sent a follow-up email to Ultrasound Online attaching the February 11 letter and stating, in pertinent part, that "[i]t is troubling that you have failed to respond to Philips's letter detailing Ultrasound Online's breach of its Settlement Agreement with Philips." The email also made clear that "Philips reserves all rights, including to pursue additional legal action."

29. Ultrasound Online failed to respond to either the February 11 letter or April 2, 2025 follow-up email.

## COUNT I

### *Breach of Contract*

30. Philips reasserts, re-alleges, and incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth herein.

31. Philips alleges that Ultrasound Online's conduct violates at least Paragraph 1 and Paragraph 2 of the Settlement Agreement.

27306329.1

32. Ultrasound Online's breaches include at least the following: (i) selling an adulterated Philips Ultrasound System via its related entity Ultrasound Online GmbH to an entity named Strata Imaging in violation of the Covenant Provisions; (ii) failing to respond to Philips' June 21, 2024 request for certification that Ultrasound Online has complied and is complying with the terms of the Settlement Agreement in violation of the Audit Provision; (iii) failing to provide information regarding the purchase and sale of adulterated Philips Ultrasound Systems in violation of the Cooperation Provision; and (iv) refusing to allow Philips to conduct a physical inspection of Philips Ultrasound Systems that Ultrasound Online has sold into and within the U.S. pursuant to Philips' audit rights, as an additional violation of the Audit Provision.

33. Philips has performed all of its obligations under the Settlement Agreement.

34. Each of the above-described provisions was a material term and significant inducement to Philips in exchange for the consideration provided to Ultrasound Online under the Settlement Agreement.

35. As a direct and proximate result of Ultrasound Online's breaches, Philips has lost the benefit of its bargain, including the collection of damages related to Ultrasound Online's alleged violations that appear to be ongoing, and on information and belief, continuing to his day; the valuable consideration expected and reasonably relied on in exchange for settling the First Action; and the spirit of the Settlement Agreement that has been undermined.

36. In addition, as a direct and proximate result of Ultrasound Online's breaches, Philips has suffered and continues to suffer compensatory damages in an amount to be shown according to proof.

37. Further, Ultrasound Online's breaches have caused Philips to suffer and continue to suffer irreparable harm that may not be adequately compensated through monetary damages,

27306329.1

warranting injunctive or other provisional remedies.

## COUNT II

### *Injunctive Relief*

38. Philips reasserts, re-alleges, and incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth herein.

39. Philips contends that Ultrasound Online's wrongdoing described herein is substantial and it will continue to adversely affect Philips in an amount and to a degree that cannot be fully addressed by any remedy at law.

40. Ultrasound Online's breaches have caused Philips to suffer and continue to suffer irreparable harm that may not be adequately compensated through monetary damages, warranting injunctive or other provisional remedies.

41. Philips further contends that Ultrasound Online's wrongdoing described herein has caused and will continue to cause irreparable injury to Philips' business, unless and until there is an injunction in place prohibiting the proscribed conduct. Ultrasound Online's wrongdoing is ongoing, and on information and belief, continues to this day and continues and will continue to injure Philips until stopped.

42. Philips therefore requests that Ultrasound Online be permanently enjoined from further violation of the Settlement Agreement, and the specific provisions described herein.

### JURY TRIAL DEMANDED

Philips requests a jury trial on all issues and claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Philips respectfully requests that this Court:

- 10 -

A. issue a permanent injunction prohibiting Ultrasound Online from further violating the Settlement Agreement;

B. award monetary damages to Philips, including but not limited to compensatory damages, enhanced, statutory damages, and punitive damages to the extent recoverable by law;

C. award Philips its attorneys' fees and costs to the extent recoverable by law and in accordance with the fee-shifting provision in the Settlement Agreement;

D. award pre- and post-judgment interest at the maximum rate permitted by law; and

E. award Philips any other damages and/or relief deemed appropriate by the Court.

Dated: October 8, 2025

Respectfully submitted,

By: /s/    James J.A. Mulhall

James J.A. Mulhall (WV Bar #6491)
Email: James.Mulhall@Steptoe-Johnson.com
STEPTOE & JOHNSON PLLC
1000 Swiss Pine Way, Suite 200
Morgantown, WV 26501
Telephone: (304) 598-8000
Facsimile: (304) 598-8116

Jennifer Y. DePriest (*pro hac vice* forthcoming)
Email: jdepriest@reedsmith.com
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

Christopher J. Pulido (*pro hac vice* forthcoming)
Email: cpulido@reedsmith.com
REEDSMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

*Counsel for Plaintiff*

27306329.1