IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIPS NORTH AMERICA LLC,

              Plaintiff,

v.                                    CIVIL ACTION NO.  2:25-cv-00594

ULTRASOUND ONLINE LLC,

              Defendant.

**ORDER**

Pending before the court is Plaintiff Philips North America LLC's ("Philips") motion to file its Complaint under seal, [ECF No. 3]. Philips alleges that the Complaint contains and discusses "highly confidential and/or confidential information related to the terms" of a settlement agreement between the parties. *Id.* The settlement agreement between Philips and Defendant Ultrasound Online LLC ("UO") resolved a prior dispute between the parties before this court, Civil Action No. 2:21-cv-298. Philips now alleges that UO breached that settlement agreement.

According to Philips, the settlement agreement was "designated as confidential by the parties and contains non-public business information and other sensitive terms." [ECF No. 3-3, at 2]. Public disclosure of the agreement "could harm Philips' competitive interests and undermine the confidentiality bargained for in the Settlement Agreement." *Id.* Philips moves to file a redacted Complaint on the public docket, file an unredacted Complaint under seal, and file the accompanying settlement agreement under seal. For the reasons that follow, the motion, [ECF No. 3], is **DENIED**.

Public access to the courts is foundational to a transparent judiciary and a legitimate government. Because of that access, the public can observe, oversee, and consider the work of the

judiciary. *Doe v. Public Citizen*, 749 F.3d 246, 263 (4th Cir. 2014). Additionally, public access to the court's activities "promotes the institutional integrity of the Judicial Branch." *Id.*; *see also* Loc. R. Civ. P. 26.4(c)(1) ("The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it.").

Only certain information is considered personal enough and sensitive enough to keep out of the public eye. Loc. R. Civ. P. 26.4(c)(1) ("The rule may be abrogated only in exceptional circumstances."). The Local Rules specify instances in which information must be sealed and/or redacted. *See* Loc. R. Civ. P. 5.2.1(a). These instances include social security numbers, names of minor children, dates of birth, and financial account numbers. *Id.* There, the Local Rules provide a way for the parties to file an unredacted document under seal and a redacted copy for the public docket. *Id.*

Still, parties may move to seal information not listed in Local Rule 5.2.1(a), provided that any such motion is "accompanied by a memorandum of law." Loc. R. Civ. P. 26.4(c)(2). The memorandum must contain:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
> (B) the requested duration of the proposed seal; and
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Loc. R. Civ. P. 26.4(c)(2)(A)–(C).

Here, Philips has complied with the Local Rules, but its discussion of the "propriety of sealing" is unpersuasive. Philips does not allege that the unredacted Complaint or the settlement agreement contains any trade secrets or confidential business practices. *Compare* [ECF No. 3-3] *with Doe v. Public Citizen,* 749 F.3d 246, 270 (4th Cir. 2014) ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in

2

turn may justify partial sealing of court records."). Nor does Philips identify how any specific provision of the agreement may harm its competitive interests. *Compare* [ECF No. 3-3] *with Nixon v. Warner Commc'ns , Inc.*, 435 U.S. 589, 598 (1978) ("Similarly, courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing.").

Instead, Philips relies generally on the parties' designation of "confidential" and the accompanying "interest in maintaining confidentiality." [ECF No. 3-3, at 2]. The parties' private agreement with each other not to share the details of the agreement is not enough to overcome the public right of access to judicial documents. *BrickStreet Mut. Ins. Co. v. Zurich American Ins. Co.*, No. 2:15-cv-6172, 2016 WL 10789403, at *2 (S.D. W. Va. June 17, 2016) (Goodwin, J.); *Interstate Fire & Cas. Co. v. Dimensions Assur. Ltd.*, No. GJH-13-3908, 2014 WL 6388334, at *1 (D. Md. Nov. 13, 2014); *Martin v. American Honda Motor Co., Inc.*, 940 F. Supp. 2d 277, 280 (D.S.C. 2013); *White v. Bonner*, No. 4:10-cv-105-f, 2010 WL 4625770, at *2 (E.D.N.C. Nov. 4, 2010). Aside from that, Philips only offers a bare assertion that the agreement contains "sensitive business information." [ECF No. 3-3, at 3]. Philips, however, does not identify any specific sensitive business information, nor can the court find any.

Because Philips has not offered any exceptional or compelling circumstances to overcome the public's right to access, the motion, [ECF No. 3], is **DENIED**. Philips is **ORDERED** to file the Complaint in accordance with this order. The Clerk is **DIRECTED** to unseal Philips's motion, ECF No. 3].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  October 24, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3